May it please the court. My name is Bill Hoffman. I'm the general counsel for the Clark County School District in Las Vegas, Nevada and I represent Superintendent Rolfes Principal Crehan assistant principal Thompson and teacher Sefchik Difficulty in this case is not to determine the law regarding whether valedictorians can give proselytizing speeches at a public high school graduation in the Ninth Circuit Cole and Lassonde give us the answer to that question and the answer is no. The difficulty is whether dismissal of the claims for damages against the individual defendants is appropriate at this early stage in the proceedings where the entire factual record has not been developed. We are mindful of the court's reluctance to decide grave constitutional issues on such a record at the pleading stage. The United States Supreme Court's decision, however, in Pearson v. Callahan regarding the analysis of qualified immunity simplifies this question. In its discretion, this court can immediately go to the clearly established prong of Saucere and first judge the reasonableness of the individual defendants action in this case when they prevented Brittany McComb from giving portions of her proposed valedictorian speech. For the purposes of qualified immunity analysis, we only need to focus on the specific facts that the court has found or determined in Cole and Lassonde to be critical. In the allegations before the court and that were presented at the district court, plaintiffs correctly alleged this is a public high school graduation ceremony of a high school of a political subdivision in Nevada controlled by an elected board of school trustees and controlled by the administration of the district. Plaintiffs alleged that the arena that was rented where the ceremony was conducted was rented and paid for by the district and they alleged that the amplification system that was used at the graduation was controlled by the district. In fact, they alleged that the pertinent aspects of the ceremony, the sequence of events, the selection of speakers and so forth. And plaintiffs also assert that the administrators claimed and asserted final authority to approve the speeches and they alleged that that that control was exercised as required by guidance issued by the superintendent in April of 2003. Mr. Hoffman, maybe we can get to a little bit faster by my asking you what specific element does the respondent claim is not presently before the court that would be before the court in a summary judgment motion? Is there anything? We don't we don't think that there is. We think that their their their argument, I think that their argument would be that somehow that Brittany McComb, the speaker, had retained primary control of the content of her expression. I think that's what they would have to say. But in fact, they did not retain she did not retain primary control of that expression. That depends on whether you read the regulations of the school district itself in paragraphs three and four of the regulations, the general counsel's guidance letter, or Cole and Lassonde. Well, if you start with the the regulation, the right seems to give her control Well, no, the regulation says that if she retains control if she were to if the speaker retains control then then then The speaker can proceed which is precisely the reason for the general counsel's Guidance was to to address that issue in light of Lassonde Which actually was was issued by this court just before the general counsel's guidance came out Paragraph three of the order says student initiated non school-sponsored religious speech is acceptable And then where students or other private graduation speakers are selected on the basis of genuinely neutral even-handed criteria and retain primary control over the content of expression First of all, what you're saying is that she was told you don't have control over your expression Well, we believe she was told that she didn't have control over the expression and plaintiffs alleged That she had to submit a draft and that sort of thing paragraph three of that same regulation says student initiated non-school-sponsored Religious speech. Well, that's the question. This was school-sponsored. This was a the graduation that For this public high school. I get your point So we think that when with the with the general counsel's guidance that says specifically Graduation speeches shall be reviewed for content and the proselytizing language should be removed and that a neutral disclaimer Is not a substitute for that review. So we believe that she did not retain primary Responsibility for the content for qualified and now a qualified immunity analysis We think there are two inevitable conclusions first of all that the administrators in this case reasonably believed that they had the authority as Well as the obligation to review the proposed speech Secondly, we believe that well-informed administrators would compare the language of Cole and Lassonde Which was identified by this court to be proselytizing They would compare that to the portions of the speech that were objectionable With Brittany McComb and we provided a side-by-side analysis of that language in our opening brief at pages 19 through 21 We believe that the similarities are remarkable as our position that this court could find as a matter of fact that the edited language Is virtually the same as Cole and Lassonde and that this court should determine that that language was proselytizing And if it's true if the court decides that that Edited language was proselytizing then we believe you can go to the first prong of Saucere Because there's no constitutional right of this student to deliver a proselytizing speech at a high school graduation But even if it's not true as a matter of law we nevertheless believe that our administrators decision in this case to allow a substantial portion of the Speech to be given and to only excise those pieces which appear to be similar to the Lassonde and the Cole speech to excise Those those pieces that that was a decision that was reasonable under the circumstances The law was clearly established under Cole and Lassonde that proselytizing language can't be presented and our administrators We're trying to make that choice Frankly had the administrators not made the choice We believe they could have violated the probably would have violated the establishment clause Administrators are in a difficult situation. They have to decide who's going to sue them Is it going to be the speaker who says they have a right to give proselytizing language? Or is it or do you choose to have the the the captive audience? Sue the school district for allowing that proselytizing language And so the the decision that the administrators made in this case entitled them to qualify I have some difficulty matching that lawsuit the one by the audience I Mean the the school district certainly make it clear that the speakers are speaking their own mind and they're not speaking for the school district and The audience could not complain that well, you know, they're uncomfortable saying they're listening to it But they could hardly say this was an establishment that this was a school district speaking Well, that's that's an issue that LaSonde addressed and the LaSonde court realized that the disclaimer would not be appropriate The standard we think is it would not be sufficient, right? We think that how about the students that are compelled to go to the Graduation when they have a case Well, I think that they would have a case there They're the victims of the coercion that the second prong the establishment says, are you entangled establishment clause? Jurisprudence is our does does the school district become entangled by allowing the speech to be presented? And even if they can disclaim are you relying on a lemon? Are you relying on Lynch? Are you relying on Lee versus Weissman? well We're relying on coal and LaSonde is what we're relying on But I think Lee versus Weissman goes to that same Lee Lee versus Weissman recognizes that the problem of a the coercion prong for a religious exercise and You say that? proselytizing under the psalm equals prayer equals religious exercise I'll reserve the remainder of my time. Thank you Good morning, Your Honor Smith, please the court My name is Anna Dagmeshwar and I represent Brittany McComb in this matter Obviously my job here is to explain to this court why this case is not called in LaSonde Appellant's argument is really only makes sense If you think that this case can just be put into the halls of colon LaSonde It's actually an even tougher job than that because you for purposes of qualified immunity You're not only going I have to show it's Now that it's different from colon LaSonde, but it's so different it doesn't fall within the penumbra such that a Reasonable administrator reading those cases wouldn't feel that what they did here was reasonable, right? And there's and your honor there's one critical distinction between colon LaSonde in this case And that's the difference and how two students were treated in this case It wasn't just one graduation speaker that was an issue as it appeared to be in colon LaSonde because while there may have been other speakers the What they talked about was not before the court But what happened here is that there were the three top of valedictorians were asked to speak They were given suggestions as to what to speak about and those suggestions in fact gave them guidance didn't give them Requirements two of these students chose to incorporate religious themes into what they spoke about Janine Ohler she spoke about her heavenly father And she made it clear to the audience that her heavenly father is behind everything She does and she couldn't survive without her heavenly father She couldn't have gotten where she was and if the audience would only find their inspiration. They too would succeed so Appellants argument is that the school district exercised primary control She didn't say find the inspiration in the same heavenly father She didn't say She wasn't She was urging them to find their own inspiration wherever they may find it Which is quite different from what your client did Your honor I don't think that's clear from the record at this stage But even beyond that assuming assuming that's true The assumption that appellants is making here is that Brittany McComb speech was censored only because of proselytization And that is simply not the case. I think it's important to look at the actual The actual comments that were made on Brittany's speech and that's at the at page 35 of the appellants excerpts of records What's interesting about Brittany McComb speech is that is only seven paragraphs long in the first four paragraphs There was no edits whatsoever and in the last paragraph on the first page What was the reason why it was censored was not because it was proselytization But quote and I'm quoting from what the school official said it identifies a particular religion So that was the raison d'etre for them to censor the first part of the speech It doesn't matter. I mean if they entitled in fact to do it, they they the fact that they didn't articulate specifically the Right reason at the time doesn't doesn't really matter If You know if it is in fact Proselytizing and you know must say, you know, you know your client's speech really sounds a lot more like personal time proselytizing then then the other graduation speaker and Sounds very much like that. I mean if you looked at the comparisons on pages 19 to 21 or Yeah, 1921 of the blue brief, I had a compelling I Don't believe so. Your honor. I think if you look at there's there's a If the court is going to engage in parsing out when a speech becomes proselytizing and when it's not then it's important to look at It in context. What is Brittany McComb talking about in her speech? She was given a certain number of suggestions and these are the suggestions she was given say things that come from the heart and this is a page 19 of the additional record Reflect on how you can help the world. What can you add as a person or group reflect on what you want out of life? What do you want for others? Interject hope there is no nothing in these suggestions telling the students not to answer with religious Viewpoints there was nothing to say not to talk about their religious viewpoints and a religious person Reading this these suggestions might well believe they could not incorporate these suggestions without talking about their religious viewpoints Did you point that this religious expression? Similar to the Ten Commandments in the park outside the Texas State Capitol When seen in context is not a religious exercise No, I'm not. I'm not saying that your honor. What I'm saying is that when these were the suggestions that were given What Brittany did was she answered those that she did what they said and it required her to talk about her religious beliefs and in response to Judge Kosinski's question We heard the title of her speech was filling the void She explained that her life was empty until she discovered Christ. Do you see a difference between her? testifying to her faith and her Proselytizing others. I believe that's the distinction that the school made. In fact, in fact It's hard to get around I mean he says and he gave us a choice to live for ourselves I mean she doesn't say, you know, this is what happened to me Eternity Or to live for something greater than ourselves eternity and his love. I mean this is urging the audience to to to Essentially join her faith Quite different from saying I found salvation. I found peace. I found strength I hope you find a way of finding strength as well, which is what the other speaker said I don't think I know the plans I have for you declares the Lord Plans to prosper you and not to harm you plans to give you a hope in the future. I mean, yeah Well, she's She practiced that by saying if you if you do this, which is different from how Colin Lassonde Articulated it and both Colin Lassonde. They made express invitations to the audience to accept Christ What Brittany was doing was explaining how she got where she is and simply expressing her hope for other people Which is what she was asked to do in these suggestions There were very specific suggestions what she said that and I can guarantee a hundred percent No doubt in my mind that if you choose if you choose to fill yourself with God's love Rather than the thing society tells us Will satisfy you you will find success I mean, you know, you know, she's addressing the audience. She's urging them to follow her path That's really quite different from saying this is a path where I found satisfaction Well, your honor I think it's a fine line to draw when somebody speaking from the heart about their religious beliefs can be interpreted as being Encouraging other people to to follow along. I mean some religions just happen to be more proselytizing than others But even beyond that your honor that still begs a more fundamental question in the case is was this Brittany McCombs? Speaking as a student or did this what did this constitute the school? Endorsing the religion that Brittany McComb was bringing to the speech No, you said what distinguishes this case from those other cases is that she was treated differently So that is definitely so so you can't go there. You can't discuss the question Of whether or not this is a school because that's been taken care of and in those other two cases And now you now you're going to tell us how this case is different And the way you want to make it different is that she you know There was a equal protection where there's some sort of violation of equal treatment because she was treated different from the other student And that just doesn't doesn't wash I mean she wasn't she was treated differently from other student because what she did was quite different from the other student and one other Issue your honor is the primary control aspect the whole colon lasagna rubric Even if you can see that there was a proselytizing element to her speech Which I don't you still have to get to primary control in order to be in the rubric of colon lasagna and Because that was the premise of that decision and what we have here is we have suggestions that were given to the speakers We didn't have we don't really have primary control. There wasn't a policy, but they cut off her mic I mean, you know, they had control they cut off her mic They're not the ones going after her to punish her and say we're going to take away your diploma because you didn't do this She's complaining about the fact that they didn't Exercise that they exercised the control That they had I mean, she's the one who's saying You know, I want I want to use your mic and your audience and you must give me a forum for my speech this is this is You know the control issue seems to be cut some time in the wrong way for you I don't think so Control will always be there as long as it's the students speaking in the that's why this is controlled by Lassonde and control of the Content of the speech and the control of the content at least the way I recall in Lassonde meant Involvement with the higher-ups in the content of the speech, but when this case when she was giving suggestions And then she incorporated those suggestions in a speech and we don't have we don't know yet What the school district did in editing other people's speech and what whether they really looked at it for grammatical issues or whether they Really exercise control over the content and if we looked at that as well as with the policy 6113 that the school district had it very much seems at least at this stage of the case to mean that the school district Was giving control of the content to the students and when you have multiple students speaking But we do know what other students said so whether they said it because they got the message or because they said it because they were They had something else and that was then edited down really doesn't matter The the point is that other students didn't engage in this Apostatizing and they they weren't cut off But the others but at least one other student did speak about her religious viewpoint and one of the stated reasons For editing Brittany McComb speech was because it identifies a particular religion and that would be discrimination about sectarianism versus non-sectarianism Which I believe the Supreme Court rejected in Levy Weissman when the argument was made to the Supreme Court that well This is really civic religion. It does it's not sectarian and so it's okay and the Supreme Court said no It's not if there's really a danger of endorsement. It doesn't matter whether it's ecumenical or not. That's an established So you think they should have been more vigorous in their editing What I believe is that primary control cuts both ways if they had if Primary control means they endorsed the speeches because they edited them then they endorsed Janelle Oler speech, too And if they endorsed Janelle Oler speech and didn't let Brittany McComb speak Then they're engaging in viewpoint discrimination and an establishment clause violation So the only it seems to me the only argument that he has under Colin Lassonde cannot be based has to be Proselytization, but that was not the stated reason for why the school district edited the speech and I don't think at least the way I read Colin Lassonde That's important to know whether intentional discrimination occurred here and this court shouldn't say Well, even though the stated reason was because she says Jesus Christ We're going to read it and say it's really Proselytization because that is not what the school board was thinking when it did the editing Is your point that is equally sectarian to say? Heavenly father as it is to say Jesus Christ. I believe it's sectarian It's Christian language that's being used could be Jewish language It could be Jewish language, too It could be it could be either and that and the point is allowing Janelle Oler to talk about her heavenly father in some Detail, but not letting Brittany McComb talk about God's love being so great because Brittany McComb identified a particular religion while Janelle Oler did not would be to put sort of secular ecumenism or Non-denominational religion on a higher plane than than sectarian religion, which is what Levi Weissman counseled against And and to me those distinctions between Colin LaSonde at this stage of the case raised issues about primary control About what their motives was but you point this I think we understand your position. Your time is up. Thank you Very briefly your honor as to the question of the equal protection argument. We have the record We know exactly what Janelle Oler said and we know exactly what Brittany McComb was allowed to say If you look at her speech, she was allowed to make references to her God and and and and in the speech That's that she was able to read She made those references to God and to her personal beliefs and as did Jane Oler the difference comes when you get to the question Of proselytizing when you start talking about the excruciating death of Christ on the cross That's where we thought that the proselytizing language ended and whether you call it Identifies a particular religion or you call it deities actually the word was ditto that was in there But if you said deities or whatever, the reason was the ultimate question was is it proselytizing and if it is there's no right to kill Thank you. Got some cases are you was canceled minutes?
judges: Kozinski, Hug, Bea